## Butchko Unemployment Compensation Case.

Argued March 12, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Mrs. Marie Butchko,* appellant, did not file a brief or appear.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, and *Roland M. Morgan,* Associate Counsel, for appellee.

PER CURIAM, July 19, 1951:

In this unemployment compensation case, upon appeal by the employer, the referee reversed the decision of the bureau, which had found claimant eligible for benefits. The referee found that the claimant provoked her own discharge by taking time off without permission and regardless of a warning as to the result. The referee held that she was ineligible for benefits under section 402 (e) of the Unemployment Compensation Law, as amended by the Act of May 23, 1949, P.L. 1738, 43. PS §802. The Unemployment Compensation Board of Review affirmed the decision of the referee. After appealing to this Court, claimant neither filed a brief nor appeared when the case was called for argument, although she had received notice of the time and place. Her appeal will be dismissed in accordance with our Rule 58.

However, we have reviewed the record and our conclusion is that the decision of the Board must be affirmed. The employer did not appear to testify at any of the proceedings, and all findings of fact were therefore based upon the testimony of the claimant. She was employed as a salesgirl by the Sours Variety Store in Mansfield, Pennsylvania, and she worked there approximately six months. While the evidence as to the ownership of the store is somewhat inconclusive, the Board considered the husband and wife to be co-owners. Claimant's husband was a student at Mansfield State Teachers College. She testified that at the time she ac-

cepted the employment she advised Mrs. Sours that she would like to have time off from work for Christmas and Easter when her husband would be free from college classes. Before Easter, 1950, Mrs. Sours became ill and her husband was in exclusive charge of the store. Claimant stated that about a week before Easter she asked Mr. Sours if she could have time off at Easter, apparently the day before Easter Sunday and the two days thereafter. While she claims that he was indefinite in his answer, she testified he said: ". . . if you do decide to go, I won't be able to stop you but it will mean your job." She continued to ask him on succeeding days, but he gave her no satisfaction. On Good Friday, April 7, 1950, Mrs. Sours came into the store and claimant took up the matter with her. Mrs. Sours promised to see her husband but claimant heard nothing further from her. Later that same day claimant called Mr. Sours on the telephone and renewed her request; whereupon he said: "Well, you can go but it will mean your job." Nevertheless, she absented herself from work, and when she returned on Wednesday, April 12th, she found that she had been replaced by a new employe.

Any discussion between claimant and Mrs. Sours at the time of hiring was too vague and indefinite to constitute a binding condition to the employment contract. Consequently, the question is whether claimant's action in absenting herself from work after her request had been refused, with notice that if she absented herself she would be discharged, constitutes willful misconduct disqualifying her from compensation under section 402 (e) of the Unemployment Compensation Law.

Claimant's conduct was unquestionably willful as she was absent from work notwithstanding repeated denials of her request and unqualified warnings that such absence would result in her discharge. Her actions

were deliberate and intentional. In the absence of proof of a valid agreement such actions constituted "a breach of duty to the employer" amounting to misconduct. *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886. The fact that the employer immediately replaced claimant with another employe shows that her continued services were required in his business at the holiday season. Mrs. Sours' statement that she would talk to her husband relative to claimant's request indicates that there had been no unqualified acquiescence by Mrs. Sours to claimant's suggestion at time of hiring.

In *Devlin Unemployment Compensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639, we held that repeated absences from work without good cause, and particularly in the face of warnings by the employer, constitute willful misconduct connected with the work. The number of absences in that case was relevant as reflecting willfulness. In the present case claimant's willfulness is clearly manifested by her conduct attendant on the one instance of unauthorized absence.

Appeal is dismissed.