Krawczyk Unemployment Compensation Case.

Argued March 8, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

No argument was made nor brief submitted for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., April 21, 1954:

This is an appeal from the denial of the Unemployment Compensation Board to allow the appellant's claim for compensation. The Board affirmed the referee in denying compensation because the claimant-appellant's unemployment was "due to his discharge . . . from work for willful misconduct connected with his work" as provided in Section 402(e) of the Unemployment Compensation Law, as amended by the Act of May 23, 1949, P. L. 1738, 43 PS §802(e).

The claimant was employed as a battery loader at the Jaunty Fabric Corporation in Scranton, working on the 7 A.M. to 3 P.M. shift, five days a week. On July 2, 1953 the employer learned that a number of his employes were planning to remain away from work on Friday, July 3, so as to extend their July 4 holiday weekend. Since the employer had scheduled work on July 3 and since absences would hamper production

at the establishment, the employer's superintendent and forelady were instructed to warn the employes that they would be expected to report for work on July 3, 1953, and if they failed to do so they would be subject to dismissal.

On July 2 this warning was communicated to the employes, including the claimant. Despite this warning the said claimant failed to report for work on July 3, and further did not notify the employer of his intended absence. He was discharged as a result of his conduct.

The claimant contends his absence from work was due to illness, and denies he was warned against said absence by his superiors. The forelady testified at the second hearing before the Board that she had personally asked him if he was coming to work on Friday, and the claimant instead of making a responsive answer to her inquiry merely "shrugged his shoulders and grinned". Furthermore, the superintendent of the employer company testified at the first hearing before the Board that the claimant was "within one and one-half feet" of him when the warning was delivered and therefore claimant must have heard it. It is clear from the Board's opinion that the issue of credibility raised by the above summarized contradictory testimony was resolved in favor of the employer. The findings of the Board are supported by substantial competent evidence, and are therefore binding upon us. *Devlin Unemployment Compensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639 (1949).

The term "willful misconduct" connotes a deliberate disregard of standards of behavior which the employer has the right to expect of his employes. *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886 (1951).

While a single day's absence from work, standing alone, would not be sufficient to deny compensation to a claimant, nevertheless, where he is warned that his presence at work is necessary on a particular day and he then deliberately remains away from his employment without cause, he is guilty of willful misconduct within the meaning of the act.

Failure to appear for work, without notifying the employer and without just cause, after the employer notified the employe that failure to work on the particular day would result in dismissal is "willful misconduct" within the meaning of the act and disqualifies the claimant for compensation under section 402(e) supra. *Butchko Unemployment Compensation Case*, 168 Pa. Superior Ct. 618, 82 A. 2d 282 (1951).

Decision affirmed.