## Moyer Unemployment Compensation Case.

Argued September 29, 1954. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*William J. Cudding,* with him *Frank J. Toole,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY RHODES, P. J., January 14, 1955:

This is an appeal from the decision of the Unemployment Compensation Board of Review denying benefits to claimant under section 402 (e) of the Unem-

ployment Compensation Law of 1936, as amended, 43 PS §802 (e), which provides: "An employe shall be ineligible for compensation for any week—(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ." Both the bureau and the referee had rendered similar decisions.

Claimant had been employed by the Freyn Engineering Company, Morrisville, Pennsylvania, as a steamfitter. He was paid $3.17½ an hour. His last day of work was Saturday, March 21, 1953. He had been employed for approximately two weeks.

During this employment claimant boarded in Morrisville during the week while his wife and two children (aged eighteen months and two months) resided in Shenandoah, Pennsylvania.

Claimant remained away from work during the entire week next succeeding his last working day. This constituted a loss of six working days. He did not notify his employer of his intentions to remain away from work nor did he receive permission to do so. During his absence he did not contact his employer in any way.

The Freyn Engineering Company had a rule whereby an unreported absence of more than three days results in an automatic discharge. Upon claimant's reporting for work on Monday, March 30, 1953, he was informed that he was discharged because of his unreported absence. Claimant denied knowledge of the existence of this rule.

At the referee's hearing claimant offered this explanation of his absence: "We got an apartment. We had to move. I had to go and get the furniture. I didn't think it would take so long to move. . . . I had to stay home, get my wife moved. . . . I came home, she [claimant's wife] said the apartment was going to be

ready. We had to buy furniture, clean." When asked why he had not requested time off before leaving his job, he replied: "I didn't know this apartment was going to be open." When further asked as to why he had not called the company to report his absence and future working intentions, he stated: "I didn't think we had to report off. . . . I didn't know where to call. I just started there. The foremen are from Philadelphia."

"Willful misconduct" is not defined in the Law, but it has been held to comprehend an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employe, or negligence indicating an intentional disregard of the employer's interest or of the employe's duties and obligations to the employer. *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 294, 77 A. 2d 886; *Sopko Unemployment Compensation Case,* 168 Pa. Superior Ct. 625, 82 A. 2d 598; *Krawczyk Unemployment Compensation Case,* 175 Pa. Superior Ct. 361, 104 A. 2d 338; *Weimer Unemployment Compensation Case,* 176 Pa. Superior Ct. 348, 354, 107 A. 2d 607.

In *Williams Unemployment Compensation Case,* 169 Pa. Superior Ct. 396, 82 A. 2d 674, we held that, where a claimant had absented himself from work, without notice to his employer and without valid reason, for a period of over fifteen days, in violation of the rules of the company, he was properly discharged for willful misconduct and became ineligible for unemployment compensation benefits. In the present case the absence was for six days. We shall not attempt to establish a mathematical formula for defining willful misconduct based upon unreported and inadequately explained absence from work. It has been

held, however, that a single instance of misconduct is sufficient, under certain circumstances, to justify discharge and to make a claimant ineligible for benefits. *Butchko Unemployment Compensation Case,* 168 Pa. Superior Ct. 618, 82 A. 2d 282; *Wilsey Unemployment Compensation Case,* 169 Pa. Superior Ct. 368, 82 A. 2d 503; *Krawczyk Unemployment Compensation Case,* supra, 175 Pa. Superior Ct. 361, 104 A. 2d 338.

The findings of the Board are clearly in conformity with the evidence and supported thereby. Claimant did not act in good faith or use reasonable diligence to preserve and maintain the employment relationship. He did not show why it would take a whole week to move, or that it was imperative to move at that particular time as distinguished from some other time when satisfactory arrangement might have been made by him with his employer.

Claimant's failure to notify his employer of his intended absence was without a substantial reason which the Board was obliged to accept. In these days of modern communication this delinquency was inexcusable. His statement that he did not know where to call is incredible. Although he only worked for two weeks he must have known the name and address of his employer. His failure to send a letter or telegram or to make a telephone call to his employer explaining his absence constitutes a disregard of standards of behavior which the employer had a right to expect from an employe. This is especially true of claimant who had been working for only two weeks for this employer. His subsequent absence from work for six days without notice or permission was unjustified under the circumstances and disclosed a reckless disregard of his employer's interest.

The decision is affirmed.