## Curran Unemployment Compensation Case.

Argued March 22, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Morton Craine,* with him *Herman Toll,* for appellant.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY GUNTHER, J., July 17, 1956:

This is an appeal from the decision of the Unemployment Compensation Board of Review denying benefits to claimant under Section 402 (e) of the Unemployment Compensation Law of 1936, as amended, 43 PS §802 (e), which provides: "An employe shall be ineligible for compensation for any week—(e) In which his employment is due to his discharge or temporary suspension from work for willful misconduct connected with his work; . . . ."

Claimant, a press operator with the Heintz Manufacturing Company, Philadelphia, was discharged on December 28, 1954 for wilful misconduct. Thereafter, an application for unemployment benefits was disallowed by the bureau based upon findings of fact that the dismissal was due to wilful misconduct arising from excessive absenteeism without notice. Claimant had been employed by the Heintz Company for approximately 7½ years previous to his dismissal.

The referee and the board affirmed the decision following which an appeal was filed to this court. An examination of the record discloses that Charles H. Curran, claimant, was absent from work without notice twice during the month of September 1954. In October he was absent five times, after which he received a written notice warning that future absence without notice would result in dismissal. In November he was again absent without notice. On December 28, after another absence without notice, he was discharged.

When the claim petition was first initiated, claimant alleged that he lost time only when he was told that there was no work. In the petition for appeal to the referee, however, he averred that his dismissal was the result of an argument with the shop steward and not for absenteeism and involved only two days lost without notice. He now contends that his discharge was the result of his activity on behalf of the union two years previous to the dismissal. Claimant further denies that he received a warning notice concerning his excessive absences and that future absences would result in dismissal. The foreman of the company contradicted claimant's contention and testified that the original letter of notice was sent to his union in accordance with established procedure and he was given a copy. It was emphatically denied that an employee

was classified as absent on days when there was no work.

Appellant admits he was familiar with the company procedure for reporting absences and that he was familiar with a notice posted to the effect that reasons for absences should be reported.

While the legislature did not specifically define the term "wilful misconduct" in Section 402 (e) of the Unemployment Compensation Law as amended May 29, 1945, this court in a long line of decisions established the standards applicable. See *Devlin Unemployment Compensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639. *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886; *Luciano Unemployment Compensation Case,* 169 Pa. Superior Ct. 155, 82 A. 2d 600; *Sauer Unemployment Compensation Case,* 172 Pa. Superior Ct. 202, 92 A. 2d 896; *Krawczyk Unemployment Compensation Case,* 175 Pa. Superior Ct. 361, 104 A. 2d 338; *Moyer Unemployment Compensation Case,* 177 Pa. Superior Ct. 72, 110 A. 2d 753. In the *Sauer* case, supra, the claimant was repeatedly absent from work without notice, was familiar with the company rules requiring reporting of absences and had been warned about the situation. Excessive absenteeism was there held to constitute wilful misconduct.

American Jurisprudence Vol. 48, Section 38, pages 541-542, defines misconduct as follows:

"Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional

and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer."

Claimant in the instant case had no regard for the standards of behavior which the employer had a right to expect of an employee. Under the findings, the conclusion that claimant's separation was the result of wilful misconduct which disqualified him from receiving benefits under Section 402 (e) of the Law is inescapable.

The decision is affirmed.