Coleman Unemployment Compensation Case.

Argued March 18, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Leviathan L. Coleman,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY HIRT, J., April 16, 1958:

Claimant had worked for Mutual Rendering Company on the night shift, since March, 1952. His principal responsibility was to control the operation of a number of high pressure boilers which required his constant attention "to prevent serious trouble". On considerations of safety, claimant had been instructed to maintain 3 inches of water in the boilers and pressures not to exceed 80 pounds. His only duty other than service of the boilers was that of attendant of a locked gate at the entrance of the premises not more than 30 feet from the boiler room.

On a prior occasion in December 1956 claimant was negligent in failing to comply with his instructions in relation to servicing the boilers. With but one inch of water in the boilers the pressures mounted beyond the safety zone to 100 pounds. Repairs of the boilers including renewal of flues at a cost to the employer of $700 resulted from this failure of claimant to perform his assigned duties; and he was warned that his discharge would follow in the event of another similar lapse.

On sufficient competent evidence the Board of Review found that claimant was again found to be asleep in the boiler room at 5:15 on the morning of May 14, 1957; and that "As a result of claimant's sleeping on the job his duty of caring for the boilers was neglected, which may have resulted in serious and costly damage". The water on that occasion was low and the pressure in the boilers had entered the danger zone. Claimant thereupon was immediately discharged under §402(e) of the Unemployment Compensation Law, 43 PS §802(e) for failure to comply with his instructions as to his duties, indicating an intentional disregard of his obligation to his employer.

In determining what constitutes "willful misconduct" the standard to be applied is that of the employment contract which fixes the agreed duties of the employe in connection with his work. *Detterer Unemp. Compensation Case*, 168 Pa. Superior Ct. 291, 77 A. 2d 886. "The inexcusable and unexplained failure, neglect, or refusal of claimant to perform the duties assigned to him, especially where he had been warned relative to his conduct by his employer, constitutes one of the more readily recognized instances of willful misconduct": *Sopko Unempl. Compensation Case*, 168 Pa. Superior Ct. 625, 82 A. 2d 598. Negligence in such degree as to manifest a substantial disregard of the

employer's interest, by an employe, and of his obligation to his employer constitutes willful misconduct within the meaning of §402(e). *Detterer Unemp. Compensation Case,* supra. Cf. *Allen Unemp. Compensation Case,* 168 Pa. Superior Ct. 295, 77 A. 2d 889; *Moyer Unempl. Compensation Case,* 177 Pa. Superior Ct. 72, 110 A. 2d 753. Clearly claimant's negligence in the present instance, by allowing himself to fall asleep on the job, could have resulted in serious financial loss to his employer. And especially, in the light of the employer's prior warning as to the penalty to be imposed for a second lapse from duty in this respect, constituted willful misconduct justifying claimant's discharge and the forfeiture of his right to benefits.

Decision affirmed.