Neal Unemployment Compensation Case.

Argued April 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Anna Mae Neal,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY FLOOD, J., June 15, 1961:

At the end of claimant's two week vacation period, she remained away two additional weeks, returning the day after Labor Day. The Board found that she did not contact her employer, Mrs. Gross, or inform her of the reason for her continued absence and that her resulting discharge was due to her wilful misconduct.

The claimant states in her brief that during each of the three years of her employment with Mrs. Gross she had taken extra vacation time, returning after Labor Day, and that in 1960 she told Mrs. Gross, before

she left for vacation, that she would be away at least three weeks and would call her when she returned. Her testimony before the referee was that she told Mrs. Gross that she would probably be away three weeks and would call her when she got back.

Her testimony that she told Mrs. Gross that she would "probably" be away three weeks, but stayed a fourth week without notifying her employer, warranted the board's finding of wilful misconduct. Her statement in her brief that she said she would be away "at least" three weeks and would notify her on her return is substantially different from what she testified to. The finding of the board is based upon sufficient competent testimony and we cannot reverse it.

She also claimed in her brief that there had been an understanding as to extra vacation time, but she testified that the understanding was that she was to have three weeks. In 1960, without notice, she took four. Absence for such additional time without notice and without good cause, falls within the class of cases which we have consistently held to be wilful misconduct under the act. See *Moyer Unemployment Compensation Case*, 177 Pa. Superior Ct. 72, 110 A. 2d 753 (1955).

Decision affirmed.