Sharon NEWMAN, Petitioner-Appellant,

v.

IOWA DEPARTMENT OF JOB SER-VICE and Royal Products Compa-ny, Inc., Respondents-Appellees.

No. 83–1103.

Court of Appeals of Iowa.

May 22, 1984.

Jon Wallach, Mason City, for petitioner-appellant.

Edmund Schlak, Jr., Walter F. Maley, and Blair H. Dewey, Des Moines, for respondents-appellees.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Petitioner-employee appeals from the district court decision on judicial review affirming her disqualification from receipt of unemployment benefits. She asserts the record does not contain substantial evidence to support the finding that she committed the acts complained of and that, in any event, those acts do not constitute misconduct as that term is contemplated under Iowa Code section 96.5(2). We reverse and remand.

Petitioner was employed as a "hand finisher" on a full-time basis from October 20, 1977, until December 14, 1981, the date of her discharge. She was one of three or four employees performing that task on a production line. After a change in the materials used, production problems were experienced which led to an increase in the number of boxes rejected by customers as defective. The employees were warned as a group to perform their jobs more effectively. Evidence was conflicting as to whether petitioner was warned individually. Petitioner was discharged after the eighth set of rejections. The employer presented evidence before the hearing officer that production quality improved after petitioner's discharge. It was impossible to determine from the rejected materials which employee had been responsible for making them.

The agency found that the petitioner had previously performed her job to the satisfaction of the employer and had the ability to perform the job. The agency found that the conduct of the petitioner in the performance of her job was contrary to and not in the best interest of her employer, and that "[h]er actions in failing to perform her job in a satisfactory manner while being capable of doing so shows a willful and deliberate disregard of the standards of behavior which an employer has a right to expect from its employees...." The agency concluded, on this basis, that petitioner's actions resulting in her discharge constituted misconduct. That decision was affirmed on judicial review by the district court.

■ I. *Scope of Review.* Our scope of review in cases arising out of the Iowa Administrative Procedure Act is limited under Iowa Code section 17A.20 to the correction of errors in law. *Foods, Inc. v. Iowa Civil Rights Commission,* 318 N.W.2d 162, 165 (Iowa 1982). The review function of the district court under section 17A.19 is to correct errors of law which are specified in section 17A.19(8). When we review decisions of the district court which were rendered in its capacity as an appellate body under section 17A.19, the issue for our determination is whether the district court correctly applied the law. *Budding v. Iowa Department of Job Service,* 337 N.W.2d 219, 221 (Iowa Ct.App.1983). In order to make that determination, we apply the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court. *Jackson County Public Hospital v. Public Employment Relations Board,* 280 N.W.2d 426, 429–30 (Iowa 1979).

■ Where the facts are disputed, we will adopt the factual determinations made by the agency as long as they are supported by substantial evidence in the whole record. *Temple v. Vermeer Manufacturing Co.,* 285 N.W.2d 157, 160 (Iowa 1979).

Where the facts and inferences fairly to be drawn therefrom are undisputed, however, the issue becomes one of law. *Green v. Iowa Department of Job Service,* 299 N.W.2d 651, 655 (Iowa 1980). We are limited to the record before the hearing officer in making this determination. *Id.*

II. *Misconduct.* The petitioner initially asserts that the agency finding that she was responsible for the return of the defective products is not supported by substantial evidence in the record. However, we do not find it necessary to determine whether or not there was substantial evidence to prove petitioner was responsible for the return of the defective products. Assuming there was substantial evidence to support the finding that petitioner was responsible for the defective products, there was not substantial evidence that petitioner's actions were taken in a willful and deliberate disregard of the standards of behavior which an employer has a right to expect from its employees necessary to constitute "misconduct" as that term is contemplated under Iowa Code section 96.-5(2).

Iowa Code section 96.5(2) (1981), provides that a claimant is disqualified from unemployment benefits "[i]f the department finds that the individual has been discharged for misconduct in connection with the individuals employment." We address the issue of petitioner's discharge only as it relates to whether or not petitioner is entitled to unemployment benefits. *Budding v. Iowa Department of Job Service,* 337 N.W.2d at 221. We do not question the employer's right to terminate petitioner's employment.

Misconduct is defined by 370 Iowa Administrative Code section 4.32(1)(a) as:

[A] deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolate instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

This definition accurately reflects the intent of the legislature. *Huntoon v. Iowa Department of Job Service,* 275 N.W.2d 445, 447–48 (Iowa), *cert. denied,* 444 U.S. 852, 100 S.Ct. 105, 62 L.Ed.2d 68 (1979). The employer has the burden of proving misconduct. 370 Iowa Admin.Code § 4.32(4); *Cosper v. Iowa Department of Job Service,* 321 N.W.2d 6, 11 (Iowa 1982).

 The misconduct, in order to support a disqualification from unemployment benefits, must be substantial. *Budding v. Iowa Department of Job Service,* 337 N.W.2d at 222. Misconduct serious enough to warrant the discharge of an employee is not necessarily serious enough to warrant a denial of benefits. *Id.* The focus of 370 Iowa Administrative Code section 4.32(1)(a) is on deliberate or intentional acts by an employee. *Holt v. Iowa Department of Job Service,* 318 N.W.2d 28, 29 (Iowa Ct. App.1982). Misconduct is defined in terms of "deliberate act[s] or omission[s]," "willful or wanton disregard of an employer's interest," "deliberate violations or disregard of standards of behavior," and "culpability, wrongful intent, or evil design." *Id.*

 We agree with petitioner that the employer did not sustain its burden of proving misconduct. We do not believe the record sustains a finding of misconduct such that petitioner should be denied benefits. There must be some deliberate action or omission or such carelessness as to indi-

cate a wrongful intent. *Billingsley v. Iowa Department of Job Service*, 338 N.W.2d 538, 540 (Iowa Ct.App.1983). The agency asserts that petitioner's actions, after being repeatedly warned, in failing to perform her job in a satisfactory manner while being capable of doing so shows a willful and deliberate disregard for her employer's interest. However, petitioner testified that the quality of her work suffered because of a change in the quality of materials used, that she did not intentionally do anything to hurt her employer's business, and that she was doing her work the same as she had in the past. There was no evidence presented of any statements or actions by petitioner which demonstrated a wrongful intent on her part. Thus, there was not substantial evidence in the record showing that petitioner's alleged inability to perform up to her employer's standards was the result of such carelessness as amounted to wrongful intent. Failure in good performance as the result of inability or incapacity is not misconduct. 370 Iowa Admin.Code § 4.32(1)(a).

Accordingly, the employer has failed to show that petitioner's actions which resulted in her discharge amounted to misconduct as that term is contemplated in Iowa Code section 96.5(2). Petitioner is, therefore, entitled to unemployment benefits.

REVERSED AND REMANDED.