**Donald E. BROWN,**
**Petitioner-Appellant,**

v.

**IOWA DEPARTMENT OF JOB SERVICE and Hy-Vee Food Stores, Inc., Respondents-Appellees.**

**No. 84–897.**

Court of Appeals of Iowa.

Feb. 26, 1985.

Sarah Wenke and James F. Elliott, Ottumwa, for petitioner-appellant.

Joseph L. Bervid and Walter F. Maley and Blair H. Dewey, Des Moines, for respondents-appellees.

Considered by OXBERGER, C.J., and SNELL, and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

The appellant was denied unemployment benefits after both a job service officer and the district court concluded that his actions leading to dismissal from employment constituted misconduct. We find the decision is not supported by substantial evidence and reverse.

The appellant, Donald Brown, is a slightly mentally retarded individual who was employed from November 1977 to January 11, 1983, as a janitor at a Hy-Vee store. His duties involved mopping the store's floor in the bakery and deli areas, sweeping and scrubbing the main floor, cleaning the breakroom and bathrooms, and emptying the trash. His supervisor told him that in any time remaining after these jobs were finished he was to work at removing the dirt and wax which built up in the corners and aisle edges. This work could not be done with the machine, and the area had to be cleaned by hand. Beginning in October 1982, he received warnings that he was failing to clean the corners and aisle edges. He received two warnings in October and three warnings in November. On November 27, 1982, he was told he had until January to have the floor corners and edges cleaned. On January 11, 1983, he was fired for failing to clean the areas. He was subsequently denied unemployment benefits.

In our review of the Department decision, we must determine if the action was supported by substantial evidence, and uphold the decision if such evidence is found. *City of Davenport v. PERB*, 264 N.W.2d 307, 311 (Iowa 1978). Substantial evidence is defined as when a reasonable mind would accept it as adequate to reach a conclusion. *Ellis v. Iowa Department of Job Service*, 285 N.W.2d 153, 156 (Iowa 1979). We will review the record as a whole in determining the sufficiency of evidence. Iowa Code § 17A.19(8).

What constitutes misconduct justifying termination of an employee, and what is misconduct which warrants denial of unemployment benefits are two separate decisions. *Newman v. Iowa Department of Job Service*, 351 N.W.2d 806, 808 (Iowa Ct.App.1984). Misconduct for administrative law purposes is defined in our Code as:

> [A] deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertancies or

ordinary negligence in isolated instances, or good faith error in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

370 Iowa Administrative Code § 4.32(1)(a).

Appellant says the decision of the court that there was misconduct is not supported. Appellant argues the job he did not complete was the last priority in the list of jobs he was required to do, and this shows failing to do it could not have been detrimental to the employer. The employer and Job Service counter that the past occurrences in failing to clean the areas are proof of misconduct. Appellees cite a number of cases holding that continued failure to follow instructions may constitute misconduct. *Harlan v. Iowa Department of Job Service*, 350 N.W.2d 192 (Iowa 1984) (employee discharged for habitual tardiness); *Coleman v. Unemployment Compensation Board of Review*, 186 Pa.Super. 54, 140 A.2d 356 (1958) (number of warnings about negligence in failing to perform duties preceded incident where employee was found asleep on the job; misconduct found); *Sopko v. Unemployment Compensation Board of Review*, 168 Pa.Super. 625, 82 A.2d 598 (1951) (misconduct found when employee failed to cut grass and weeds after several warnings).

We do not dispute appellee's contention past acts of misconduct over a period of time may warrant finding misconduct when that misconduct occurs again. However, our Code clearly states that the misconduct involved must be volitional, defining it as a "deliberate act or omission," constituting "willful or wanton disregard of an employer's interest." 370 Iowa Administrative Code § 4.32(1)(a). Our courts have also emphasized misconduct must be intentional. *Huntoon v. Iowa Department of Job Services*, 275 N.W.2d 445, 448 (Iowa 1979).

The record shows Mr. Brown did not complete his duties regarding the cleaning of the aisle edges because he had trouble allocating his time, and because of problems with the machine he used to scrub the floors. The job was last on his list of duties, and he often took longer to scrub the floors because he would have to replace belts on the machine or mop up water that had leaked from the machine. Mr. Brown complained about the condition of the machine, and was given a new one to try. Despite the fact he says it enabled him to complete his main duties in less time, the employer did not purchase the new machine. In addition, Mr. Brown's previous supervisor had allocated specific times each week for him to work on the aisle edges and corners. The current supervisor gave the duty of allocating time for the job to Mr. Brown, who had problems with this since he was mildly retarded.

We believe this case presents a fact situation more similar to a case recently decided by this court. In *Newman v. Iowa Department of Job Service*, 351 N.W.2d 806 (Iowa Ct.App.1984) we found no misconduct when an employee was discharged after eight warnings that the boxes she and others were producing were defective. *Id.* at 807–09. We stated "petitioner testified that the quality of her work suffered because of a change in the quality of materials used, that she did not intentionally do anything to hurt her employers' business, and that she was doing her work the same as she had in the past. There was no evidence presented of any of the statements or actions by petitioner which demonstrated a wrongful intent on her part." *Id.* at 809. As in that case, there is no evidence that Mr. Brown's conduct was intentional misconduct. In fact, appellant points out the employer admits that Mr. Brown's conduct was not intentional, and that he instead seemed to have a problem allocating his time. The worst that may be said of his conduct is that he was "inefficient," which our Code specifically indicates does not equal misconduct. 370 Iowa Administrative Code. § 4.73(1)(a). Accordingly, we find the decision is not supported by substantial evidence and reverse.

REVERSED.