**Ronda HOLLENSBE,**
**Petitioner–Appellant,**

v.

**IOWA DEPARTMENT OF JOB SER-**
**VICE and Iowa Lakes Community**
**College, Respondents–Appellees.**

No. 86–1039.

Court of Appeals of Iowa.

Nov. 30, 1987.

Becky S. Knutson and Charles E. Gribble of Sayre & Gribble, Des Moines, for petitioner-appellant.

Blair H. Dewey and William C. Whitten, Des Moines, for respondent-appellee Iowa Dept. of Job Service.

Harold W. White of Fitzgibbons Brothers, Estherville, for respondent-appellee Iowa Lakes Community College.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

OXBERGER, Chief Judge.

Petitioner Ronda Hollensbe appeals the decision of the district court which affirmed a decision of the Iowa Department of Job Service Appeal Board (Appeal Board) denying her unemployment compensation benefits. She presents two issues: (1) that the decision of the agency was not supported by substantial evidence; and (2) that the district court erred in denying her application for leave to present additional evidence. We affirm.

Ronda Hollensbe was hired as an accounting instructor by Iowa Lakes Community College (ILCC) in 1982. When she applied ILCC informed her that only business-related occupational experience was considered in determining salary, and that the maximum salary for her qualifications was $18,000. Ronda later discovered that a male instructor hired at the same time was receiving a larger salary. This salary difference existed because ILCC had considered all of his prior work experience, including non-business related experience.

Ronda discussed this matter with ILCC administrators, and at one point, ILCC offered to increase her compensation by crediting her for her non-business related work experience. She refused this offer because she did not think it was proper. Ronda then filed a sex discrimination claim with the Iowa Civil Rights Commission. When ILCC refused to mediate her civil rights claim in January, 1984, she resigned, effective March 31, 1984. A hearing officer found Ronda was entitled to unemployment benefits, but this decision was reversed by the Appeal Board. The district court subsequently affirmed the denial of benefits. This appeal followed. Hollensbe has also filed a Civil Rights Complaint in Federal District Court.

■ Our scope of review in cases involving unemployment benefits, and the district court's review of a final agency action regarding the same is at law, not de novo. *Roberts v. Iowa Dept. of Job Service*, 356 N.W.2d 218 (Iowa 1984); *Warrell v. Iowa Dept. of Job Service*, 356 N.W.2d 587 (Iowa App.1984). We exercise jurisdiction to correct errors of law. Iowa R.App.P. 4. If our conclusions are the same as the agency's, after application of Iowa Code section 17A.19(8), affirmance is necessary.

■ We will uphold the agency's finding if it is supported by substantial evidence after considering the record as a whole. *Hussein v. Tama Meat Packing Corp.*, 394 N.W.2d 340 (Iowa 1986). Evidence is substantial to support an agency's decision if a reasonable person would find it adequate to reach the given conclusion, even if a reviewing court might draw a contrary inference. *Mercy Health Center, a Div. of Sister of Mercy Health Corp. v. State Health Facilities Council*, 360 N.W.2d 808 (Iowa 1985).

■ Hollensbe's first claim is that the agency's decision is not supported by substantial evidence. She claims the Appeal Board based its decision on three premises, each of which is unsupported by substantial evidence, or is contrary to law: (1) that

she presented "no comparison between the male co-worker which would substantiate a sex discrimination charge;" (2) the college offered to correct any disparity in pay but the offer was refused; and (3) that she failed to show the college had an opportunity to correct the situation and failed to do so. ILCC replies that there is substantial evidence to support all of the Appeal Board's findings, and that Ronda resigned because ILCC refused to mediate her sex discrimination charge, which is not good cause.

The ultimate issue before the agency, and now before us, was whether Hollensbe left her employment for good cause attributable to her employer. We conclude the Board's findings were supported by substantial evidence.

There is evidence in the record to show that Hollensbe did not include all her prior work experience on her application as the other employee did. Once this inequity was brought to ILCC's attention, an offer was made to increase Hollensbe's pay in accordance with all her prior work experience. Hollensbe refused this offer. We agree that she presented evidence of the pay disparity, which may indicate the presence of discrimination, but the evidence was subject to differing interpretations, and we will not disturb the ruling for that reason.

As we noted earlier, ILCC offered to correct the disparity in pay. Hollensbe testified she refused this offer because she felt it was improper. We feel her testimony alone is substantial evidence to show that ILCC did, in fact, offer to correct the disparity.

Finally, we also conclude there was substantial evidence to support the finding that ILCC was prevented from remedying the pay inequities. Once Hollensbe refused the College's offer to increase her pay, it was apparent that further negotiation would be fruitless, and ILCC chose to bypass mediation and have the matter decided on its merits by the Civil Rights Commission.

These findings contributed to the Board's determination that Hollensbe voluntarily quit her employment without good cause attributable to her employer. Hollensbe contends that, even if a claim of unlawful discrimination is not found, she was subjected to a hostile work environment, including remarks about her lack of association with the feminist movement, her husband's unemployment, criticisms of her in evaluations, and a refusal to allow her to choose her own textbook, as other instructors were able to do. She argues these actions constitute good cause and entitle her to benefits. ILCC contends the sole reason Hollensbe left employment, as she testified, was because the College decided to exercise its rights and refused to mediate the sex discrimination claim with the Civil Rights Commission and, instead, have the claim investigated for probable cause.

The Appeal Board was presented with this conflicting evidence and made a determination she resigned because of the decision to mediate. Certainly a different conclusion could have been drawn from this evidence, but the Board's finding is binding upon us since it is supported by substantial evidence. The Board further noted that, when Hollensbe refused ILCC's offer, she prevented them from remedying the situation, and that she failed to establish good cause because she failed to show an opportunity to correct the situation. We hold the Appeal Board's finding that Hollensbe voluntarily left without good cause attributable to her employer was supported by substantial evidence and affirm the decision of the district court.

We now address Hollensbe's second issue that the district court erred in denying her application to present additional evidence. Hollensbe sought to introduce the following evidence:

1. The pay scale used by ILCC for instructional personnel for the years 1982 and 1983, copies of which were previously refused to be released to Ms. Hollensbe.

2. The job application of Ms. Hollensbe, including documentation of all previous related and unrelated work experience.

3. Applications of persons applying for instructional positions for the past five

years, and contracts offered to those personnel, reflecting experience credit assignments on the pay scale which do not conform with ILCC's alleged experience credit policy.

She claims ILCC misled her about the existence of this evidence, and it was only discovered after a court order compelling discovery. The district court denied the application because it determined Hollensbe knew of the additional evidence before the hearing and failed to request the information through discovery or subpoena. The court also found that ILCC did not mislead Hollensbe about the existence of certain information in her application file.

The district court, sitting as an appellate court, under Iowa Code section 17A.19(7) has the authority to allow a party to present additional evidence not included in the agency record. This authority is discretionary. *Heidemann v. Sweitzer,* 375 N.W.2d 665, 670 (Iowa 1985). The party seeking to present additional evidence must show (1) materiality and (2) good reasons for failure to present the evidence earlier. *Cedar Valley Leasing v. Iowa Dept. of Revenue,* 274 N.W.2d 357, 362 (Iowa 1979).

We hold the district court did not err when it overruled Hollensbe's application. The evidence she now seeks to introduce was available to her prior to the hearing. She failed to request the information through a subpoena or discovery. Iowa Code section 17A.13 confers upon the agency the subpoena power given in its enabling act. Job Service has the authority to issue subpoenas. *See* Iowa Code 96.-11(9) (1985). This subpoena power was available to Hollensbe and she failed to take advantage of it. Also, when ILCC offered to let Hollensbe amend her application, she would have had access to that information. The court did not err in denying the application.

AFFIRMED.