Richard K. BROCKWAY, Appellee,

v.

EMPLOYMENT APPEAL BOARD and Cedar Valley Corporation, Appellants.

No. 90–972.

Court of Appeals of Iowa.

Feb. 26, 1991.

William C. Whitten, Knoxville, and I. John Rossi, Des Moines, for Employment Appeal Bd.

Kevin J. Visser of Moyer & Bergman, Cedar Rapids, for Cedar Valley Corp.

Robert D. Fulton of Fulton, Frerichs, Martin & Andres, P.C., Waterloo, for Brockway.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

DONIELSON, Presiding Judge.

Petitioner Richard Brockway was employed by Cedar Valley Corporation as a truck driver and general laborer. He suffered a job-related injury in May 1987. Brockway received workers' compensation benefits as a result of the injury. Cedar Valley's workers' compensation insurance carrier, Aetna Insurance Company (Aetna), brought in vocational placement experts from the Principal Financial Group to assist Brockway. On November 29, 1988, Brockway's doctor released him to return to work with certain restrictions; however, Brockway did not present himself for work at Cedar Valley. Brockway was discharged on December 16, 1988, because he had not reported for work.

Brockway filed a claim for unemployment benefits and a Job Service representative awarded benefits. Cedar Valley appealed the award and, after a hearing, an administrative law judge (ALJ) determined Brockway was not entitled to benefits because he had not returned to his employer and had not offered his services as required by Iowa Code section 96.5(1)(d). The Employment Appeal Board (the Board) affirmed the ALJ, with one member dissenting.

Brockway then filed a petition for judicial review. The district court found: the vocational placement experts hired by Aetna were agents of Cedar Valley;[1] Brockway immediately notified the vocational placement experts when he received a medical release; and, therefore, when the agents knew of Brockway's availability for work, Cedar Valley knew. The district court reversed, in effect concluding Brockway had not voluntarily quit and was not disqualified for benefits.

The Board and Cedar Valley now appeal. They claim the decision of the Board was supported by substantial evidence, requiring affirmance by the district court.[2] We agree.

The scope of review in cases arising out of the Iowa Administrative Procedures Act is limited to the corrections of errors at law. *Hollensbe v. Iowa Dept. of Job Service*, 418 N.W.2d 77, 78 (Iowa App.1987). A district court decision rendered in an appellate capacity is reviewed to determine whether the district court correctly applied the law. *Id.* To make that determination this court applies the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as the district court's. *Id.* The scope of review encompasses a review of the entire record and is not limited to the agency's findings. *Higgins v. Iowa Dept. of Job Service*, 350 N.W.2d 187, 191 (Iowa 1984).

---

1. We are somewhat mystified by the district court's conclusory finding that the vocational placement experts hired by Aetna were agents of Cedar Valley as a matter of law. An agency results from the manifestation of consent by one person, the principal, that another, the agent, shall act on the former's behalf and subject to his control, and consent by the other so to act. *See Kanzmeier v. McCoppin*, 398 N.W.2d 826, 830 (Iowa 1987) (citations omitted). The burden of proving a principal and agent relationship is upon the party asserting such a relationship. *Id.* Even assuming Aetna was an agent of Cedar Valley, Brockway introduced no evidence concerning the scope of that agent's authority. It is unlikely the scope of that agency relationship would extend beyond matters of eligibility for and extent of worker's compensa-

tion benefits. Furthermore, we are not convinced that persons brought in by Aetna would also be agents of Cedar Valley. Nothing in the record indicates what relationship, if any, existed between Cedar Valley and the vocational placement experts. Brockway has failed to prove a principal and agent relationship between Cedar Valley and the vocational placement experts and the district court erred in finding otherwise.

2. The appellants also argue the court erred in finding the employer received notice of petitioner's recovery. This contention is subsumed in their first assignment of error and we will not address it separately.

Iowa Code section 17A.19(8)(f) provides in a contested case the court shall grant relief from an agency decision which is unsupported by substantial evidence made before the agency when that record is viewed as a whole. *Eaton v. Iowa Dept. of Job Service*, 376 N.W.2d 915, 916–17 (Iowa App.1985). Evidence is substantial to support an agency's decision when a reasonable person would find it adequate to reach a conclusion. *Id.* at 917. The question is not whether the evidence might support a different finding but whether the evidence supports the findings actually made. *Henry v. Iowa Dept. of Job Service*, 391 N.W.2d 731, 734 (Iowa App.1986). The fact that two inconsistent conclusions can be drawn from the evidence does not mean that one of those conclusions is unsupported by substantial evidence. *Id.*

The Board concluded that following Brockway's recovery from his injury, he did not return to his employer and offer to perform services. Failure to return to the employer and offer his services upon recovery from an injury statutorily constitutes a voluntary quit and disqualifies an individual from unemployment benefits. *See* § 96.5(1)(d). The Board therefore denied Brockway benefits. The district court granted Brockway relief because it found the Board's denial of unemployment benefits unsupported by substantial evidence. We disagree.

Brockway acknowledged that he, personally, never informed Cedar Valley of his medical release, i.e., recovery from his injury. Cedar Valley, through Mrs. Robinson, testified the employer had never· received any correspondence from anyone indicating Brockway had been released to return to work until Job Service issued a notice of unemployment benefits. The evidence establishes Brockway received a letter of medical release from his physician but whether Brockway relayed this information to anyone is unclear in the record. While Brockway testified he discussed the availability of light duty work at Cedar Valley with the vocational placement experts, the record does not establish when this discussion occurred. If the discussion occurred prior to the release, recovery from his injury was not certified, *see* § 96.5(1)(d), and could not constitute notice of availability to Cedar Valley. Even assuming the vocational placement experts were agents of Cedar Valley, the Board could have concluded Brockway did not inform them of his availability to return to work. From this record, the Board was entitled to conclude Brockway did not return to Cedar Valley and offer to perform services. The Board's conclusion that Brockway quit voluntarily, disqualifying him from unemployment benefits, is therefore supported by substantial evidence.

As noted previously, whether the evidence supports a different finding than the agency's is not the question. The district court is acting in an appellate capacity and must affirm the agency decision if it is supported by substantial evidence. Our review of the record reveals substantial evidence supports the Board's denial of benefits. The district court erred in reversing the Board's denial.

The district court's decision is vacated. We affirm the decision of the Board.

DECISION OF DISTRICT COURT VACATED; JUDGMENT OF EMPLOYMENT APPEAL BOARD AFFIRMED.