# IN THE COURT OF APPEALS OF IOWA

---

No. 25-0989
Filed June 10, 2026

---

**Vicki Jean Caldwell,**
Petitioner–Appellant,

v.

**Iowa Workforce Development and Employment Appeal Board,**
Respondents–Appellees.

---

Appeal from the Iowa District Court for Hancock County,
The Honorable Blake H. Norman, Judge.

---

**AFFIRMED**

---

Deanna K. Steinbach and Dan Feltes of Iowa Legal Aid, Des Moines,
attorneys for appellant.

Brenna Bird, Attorney General, Eric Wessan, Solicitor General, and Halle
Kissell, Assistant Solicitor General, attorneys for appellee
Iowa Workforce Development.

Christine Louis, Employment Appeal Board, Des Moines, attorney for
appellee Employment Appeal Board.

---

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Buller, J.

1

**BULLER, Judge.**

Vickie Caldwell appeals from denial of her petition for judicial review following agency action by Iowa Workforce Development (IWD) and intra-agency appeal to the Employment Appeal Board (EAB). The judicial-review court found Caldwell failed to preserve error or exhaust her administrative remedies for her as-applied constitutional challenges, and this preservation-and-exhaustion issue is the only argument Caldwell presses on appeal. Applying case law from both our appellate courts, we affirm.

Few of the facts and proceedings below are germane to the issue on appeal. We give this abbreviated timeline:

- Caldwell applied for and received unemployment benefits.

- After she started a new job, IWD found Caldwell was overpaid and ordered her to repay the benefits she was not entitled to receive.

- Caldwell appealed to the Unemployment Insurance Appeals Bureau, and an administrative law judge (ALJ) issued a decision finding in favor of IWD.

- Caldwell appealed to EAB, raising a variety of factual and procedural challenges and complaining about the way IWD investigated her case.

- Three weeks later, she sent EAB an email referencing the state and federal constitutional provisions for due process and equal protection for the first time.

- EAB affirmed and adopted the ALJ's decision in its entirety. Neither the ALJ's ruling nor EAB's adoption of it

acknowledged or ruled on Caldwell's constitutional arguments in her email.

- Caldwell did not petition for rehearing under Iowa Code section 17A.16(2) (2024) or otherwise seek a ruling on her constitutional claims.

- She instead petitioned for judicial review, advancing in part the constitutional arguments that were never ruled upon by EAB.

In the judicial-review proceedings, EAB contested whether Caldwell had preserved error or exhausted administrative remedies with regard to the constitutional claims. Caldwell argued that, because she sent the email to EAB listing the constitutional provisions, error was preserved even though EAB did not acknowledge or otherwise rule on the claims. The district court agreed with EAB, finding Caldwell needed to petition for rehearing or otherwise take action to secure a ruling on her claims to preserve error for purposes of judicial review. Caldwell appeals, solely challenging the district court's conclusion it could not reach her claims.

To the extent any constitutional issues were preserved and could be reached by us, we would review de novo. *See Bonilla v. Iowa Bd. of Parole*, 930 N.W.2d 751, 762 (Iowa 2019).

In her appellate briefing, the best authority Caldwell marshals to support us reaching the merits of her claims is *Chicago & Northwestern Transportation Co. v. Iowa Transportation Regulation Board*, 322 N.W.2d 273, 276 (Iowa 1982). There, our supreme court found that error was preserved on a claim raised in front of an agency, even though the agency did not expressly rule on the issue when it was raised by petition for rehearing. *Chi. & Nw. Transp. Co.*, 322 N.W.2d at 276. In evaluating the legal landscape since

1982, we think that case does not tell the full story of the applicable legal principles and is outdated. And even if it were good law, we conclude Caldwell's failure to petition for rehearing here distinguishes this litigation from that case.

In more recent precedent, our supreme court has been clear that "a party seeking to appeal an issue presented to, but not considered by, the district court [must] call to the attention of the district court its failure to decide the issue." *Meier v. Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002). This can be done through a variety of mechanisms, including but not limited to a motion for reconsideration. *See id.* at 538. And this principle applies to judicial review of agency action. *KFC Corp. v. Iowa Dep't of Revenue*, 792 N.W.2d 308, 329 (Iowa 2010) ("When an agency fails to address an issue in its ruling and a party fails to point out the issue in a motion for rehearing, we find that error on these issues has not been preserved.").[1]

Applying these cases, we conclude that Caldwell failed to preserve error when she did not seek reconsideration, petition for rehearing, or otherwise alert EAB that it failed to rule on her claims. As we said more than a decade ago: "It is Error Preservation 101 that issues not adjudicated by an agency will not be entertained by a court on judicial review." *Kilgore v. Iowa State Appeal Bd.*, No 13-0154, 2014 WL 1976868, at *4 (Iowa Ct. App. May 14, 2014). And as we have previously held, "neglecting to file a motion for rehearing when the agency did not rule on [a claim] prior to filing the petition for judicial review" is fatal, requiring the district court to affirm

---

[1] One could perhaps quibble with whether the supreme court's holding in *KFC Corp.* was really one of "error preservation" or "administrative exhaustion." In any event, the distinction does not seem to matter here because judicial review of agency action requires the district court to conduct appellate review. *E.g.*, *Brockway v. Emp. Appeal Bd.*, 469 N.W.2d 256, 258 (Iowa Ct. App. 1991).

because error was not preserved. *See Stark Constr. v. Lauterwasser*, No. 15-1786, 2016 WL 6270256, at *3 (Iowa Ct. App. Oct. 26, 2016).

We recognize there is an exception to these preservation rules for facial constitutional challenges. *See Bonilla*, 930 N.W.2d at 765. But Caldwell does not argue this exception applies. Instead, her reply brief suggests she is raising as-applied challenges, and her pleadings below refer to her challenges being "as applied" at least three times. As for the opposing position, this case involves the unusual presentation of two appellees—EAB's attorney filed a brief, as authorized by Iowa Code section 10A.601(7), and the Attorney General filed a brief purportedly on behalf of IWD.[2] In its appellee's brief, EAB agrees with Caldwell that her challenges are as-applied, and thus EAB urges application of the preservation case law we have outlined. This is consistent with EAB's position in the district court. However, the Attorney General, on behalf of IWD, says on appeal that Caldwell misunderstands her own arguments and they are actually facial challenges, so the preservation rules do not apply and we should decide them. In the district court, the Attorney General, on behalf of IWD, urged (1) that IWD was not a party and should be dismissed from the lawsuit altogether and (2) filed a joinder to the entirety of EAB's district-court arguments. In this procedural posture, we accept Caldwell's characterization of her own arguments and EAB's response in that vein, and we reject IWD's changed-on-appeal position to the contrary.

---

[2] No party has asked us to take any action to resolve who is authorized to represent who in this case. *Cf. generally City of Davenport v. Off. of Auditor*, 28 N.W.3d 584 (Iowa 2025). But we observe that a search of Iowa decisions since adopting the modern docketing system in the 1990s reveals zero cases in which EAB and IWD have both filed or attempted to file appellate briefs—until this one. And there is certainly no other case in which they have taken inconsistent positions.

Last, even if we were to look past the error-preservation and exhaustion problems to contemplate reaching the constitutional issues, we would decline to reverse for another reason: Caldwell doesn't claim she was prejudiced. In her reply brief, Caldwell appears to concede she is not alleging at this stage that she was entitled to keep her overpaid benefits or owed any other tangible relief:

> Ms. Caldwell, as the appellant, has appealed only the issue of whether the district court erred in holding Ms. Caldwell failed to preserve error on her constitutional arguments. It is not incumbent on Ms. Caldwell to prove she would prevail on her constitutional arguments in order for this Court to reverse the district court's ruling that error was not preserved.

While true that Caldwell need not prove her arguments would all be meritorious, we think she must at least *allege* an injury for us to reach constitutional claims that can be disposed of on other grounds. *Wengert v. Branstad*, 474 N.W.2d 576, 578 (Iowa 1991) ("We regularly decline to address constitutional questions unless their answers are necessary to dispose of the case."); Iowa Code § 17A.19(10) (limiting judicial review to instances where the petitioner can show his or her "substantial rights . . . have been prejudiced"). Because Caldwell does not claim her substantial rights were prejudiced, we find any alleged constitutional violation to be harmless and conclude the doctrine of constitutional avoidance weighs against us issuing an advisory opinion. And to the extent any nonconstitutional claims are pressed on appeal, our statutory mandate similarly dictates we only reverse material and prejudicial errors. *See* Iowa Code §§ 619.16, 624.15.

**AFFIRMED.**