Marcus B. BILLINGSLEY,
Petitioner-Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE, Respondent-Appellee,

and

United Central Bank,
Intervenor-Appellee.

No. 2–69280.

Court of Appeals of Iowa.

Aug. 30, 1983.

Diane L. Dornburg, Des Moines, for petitioner-appellant.

Blair H. Dewey, Walter F. Maley, and Joseph L. Bervid, Des Moines, for respondent-appellee.

Albert L. Harvey of Davis, Grace, Harvey, Horvath, Gonnerman & Rouwenhorst, Des Moines, for intervenor-appellee.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL and HAYDEN, JJ.

DONIELSON, Judge.

Petitioner appeals from the district court's ruling on judicial review disqualifying him from receiving unemployment benefits. He asserts the record does not contain substantial evidence that he was discharged for misconduct. We reverse.

Petitioner's job was to reconcile bank accounts in the operations department of intervenor bank. He was discharged for violation of a known company rule [1] after accumulating five overdrafts in his personal checking account at the bank. There was no evidence that the overdrafts were the result of anything other than good faith errors. A claims deputy disqualified peti-

---

[1]. The employer claims this rule was adopted pursuant to federal regulations. Neither the employer nor respondent agency, however, has ever given specific citations for any such regulations.

**540**

tioner from receipt of unemployment benefits on the ground that he was discharged for misconduct but an agency hearing officer reversed. The agency appeal board reversed the hearing officer and was affirmed by the district court on judicial review. This appeal followed.

Our review of agency action is governed by Iowa Code § 17A.19(8). One ground upon which we may reverse an agency action is if it is "unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole." § 17A.19(8)(f). Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion. *City of Davenport v. Public Employment Relations Board,* 264 N.W.2d 307, 311 (Iowa 1978). In this case it is alleged that petitioner is disqualified from receiving benefits because he was discharged for misconduct. "Misconduct" is defined in 370 I.A.C. § 4.32(1)(a) as:

> a *deliberate* act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such *willful or wanton disregard of an employer's interest* as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, *or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design,* or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

(emphasis added.) The employer has the burden of proving misconduct. 370 I.A.C. § 4.32(4); *Cosper v. Iowa Department of Job Service,* 321 N.W.2d 6, 11 (Iowa 1982).

We agree with petitioner that the employer did not sustain its burden of proving misconduct. We do not dispute the employer's right to discharge petitioner for violating the rule against accumulating overdrafts. He knew about the bank's policy and does not contest his dismissal. We do not believe, however, that the record sustains a finding of misconduct such that petitioner should be denied benefits. As defined above, "misconduct" connotes some deliberate action or omission or such carelessness as to indicate a wrongful intent. The record in this case discloses only that petitioner thought he had more in his checking account than he actually had. There is no evidence that he wrote checks he knew would not be covered by his account. A similar situation arose in *Tarver v. Ross,* 64 App.Div.2d 760, 406 N.Y.S.2d 928 (1978), where the court held that the employee's unintentional failure to maintain a solvent checking account did not disqualify her from receiving unemployment benefits. In addition, we note that petitioner's actions in overdrawing his account was not claimed to have impacted on his job performance.

The record does not contain substantial evidence supporting the agency's claim that petitioner was discharged for misconduct. Petitioner is therefore entitled to unemployment benefits.

REVERSED.