Homadi R. HUSSEIN, Appellant,

v.

TAMA MEAT PACKING CORPORA-TION and Iowa Department of Job Service, Appellees.

No. 85–849.

Supreme Court of Iowa.

Oct. 15, 1986.

David G. Challed, Cedar Rapids, for appellant.

Walter F. Maley, Blair H. Dewey, Joseph L. Bervid, and I. John Rossi, Des Moines, for appellee Iowa Dept. of Job Service.

Tom Wertz, Cedar Rapids, for appellee Tama Meat Packing Corp.

Considered by REYNOLDSON, C.J., and LARSON, SCHULTZ, WOLLE, and NEU-MAN, JJ.

LARSON, Justice.

This claim arises out of Homadi R. Hussein's discharge from the Tama Meat Packing Corporation. There was evidence that Hussein, after being denied permission to use the restroom, threw a beef tongue at his supervisor. It is undisputed that he left his work station unattended and without permission. His employment was terminated on the ground of misconduct.

Hussein's claim for unemployment benefits was originally granted by a claims deputy for Job Service. On appeal by the employer, however, the hearing officer reversed, concluding that Hussein was disqualified by reason of misconduct. *See* Iowa Code § 96.5(2)(a) (1985); Iowa Admin. Code § 370–4.32(1) (1985). The decision of the hearing officer was affirmed by a majority of the appeal board. On rehearing, the appeal board affirmed its earlier decision.

On judicial review, the district court found substantial evidence in the record to support the ruling and affirmed the department's decision. The court of appeals reversed, holding Hussein's conduct did not constitute disqualifying misconduct within the meaning of our unemployment compensation law. We vacate the court of appeals decision and affirm the district court.

■ Our scope of review is at law, not de novo, and we are limited to the record made before the agency. *Taylor v. Iowa Department of Job Service*, 362 N.W.2d 534, 537 (Iowa 1985); *Green v. Iowa Department of Job Service*, 299 N.W.2d 651, 655 (Iowa 1980). We must determine whether the agency decision is supported by substantial evidence when the record is viewed as a whole. Iowa Code § 17A.19(8)(f) (1985); *Woodbury County v. Iowa Civil Rights Commission*, 335 N.W.2d 161, 164 (Iowa 1983). If we find that the agency's findings are supported by substantial evidence, we are bound by those findings. *Hawk v. Jim Hawk Chevrolet-Buick, Inc.*, 282 N.W.2d 84, 85 (Iowa 1979).

An employee discharged for misconduct may be held ineligible for unemployment compensation under the department's rules which provide, in part:

*Misconduct* is defined as a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

Iowa Admin.Code § 370–4.32(1)(a). *See Huntoon v. Iowa Department of Job Service*, 275 N.W.2d 445, 448 (Iowa 1979) (Iowa Admin.Code § 370–4.32(1) accurately reflects intent of the legislature).

■ The hearing officer found that Hussein had previously been given a warning for fighting with a fellow employee and that he was suspended after a second altercation with the same person. He also found that Hussein threw a beef tongue at his supervisor when denied permission to go to the restroom and left his work station unattended and without permission. Hussein contradicted much of the testimony at the administrative hearing and complained that his conduct was not willful under the misconduct rule but was prompted by his urgent need to use the restroom. The hearing officer found otherwise, and there is substantial evidence to support that find-

ing. If substantial evidence is shown, a court on judicial review is not free to find otherwise.

We therefore vacate the decision of the court of appeals, affirm the district court, and remand for entry of an order reinstating the ruling by the agency.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.