Stephen C. MILLER,
Petitioner–Appellant,

v.

EMPLOYMENT APPEAL BOARD,
Respondent–Appellee,

C & J Thompson, Ltd. d/b/a
Thompson TV Rental,
Employer.

No. 87–587.

Court of Appeals of Iowa.

March 9, 1988.

Carroll L. Lucht, Lois Cox, and Susan Pence and Terry A. Fikes, Student Legal Interns, Iowa City, for petitioner-appellant.

Blair H. Dewey and William C. Whitten, Employment Appeal Bd., for respondent-appellee.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Petitioner appeals the decision of the district court affirming the Employment Appeal Board decision that petitioner should be denied unemployment compensation

benefits on the ground that he was fired for misconduct. Petitioner claims: (1) the district court applied an incorrect standard of review in affirming the agency's determination that his conduct constituted misconduct; and (2) the district court decision is not supported by substantial evidence. We reverse and remand.

Petitioner Stephen C. Miller was employed by Thompson TV Rental where he was an account manager and was responsible for the collection of rental payments. Miller was discharged for poor work performance after five years of employment because his delinquency rate exceeded the minimum acceptable level of performance for three weeks. Miller testified that he was suffering from job burn-out because he had not had a vacation for four years. Miller admitted he had some personal problems at the time, but stated he tried not to let it affect his work.

Miller filed a claim for unemployment compensation benefits. A claims deputy found Miller to be disqualified based on a determination that he had been discharged for conduct not in the best interest of the employer. Miller appealed, and after a hearing, a hearing officer affirmed the claims deputy. The Appeal Board affirmed the hearing officer with one dissenting opinion which stated that misconduct had not been shown because of a lack of intent by the employee. The district court affirmed the agency's decision. Petitioner appeals.

Under the Iowa Administrative Procedure Act, the district court functions in an appellate capacity to correct errors of law on the part of the agency. *Barnes v. Iowa Dep't of Transp.*, 385 N.W.2d 260, 263 (Iowa 1986). Our review of a decision of a district court rendered pursuant to the Iowa Administrative Procedure Act, Iowa Code section 17A.19, is limited to the sole question of whether the district court correctly applied the law. *Jackson County Public Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429 (Iowa 1979). We must therefore apply the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as those of the district court. *Lefebure Corp. v. Iowa Dep't of Job Service*, 341 N.W.2d 768, 770 (Iowa 1983).

We will uphold the agency's finding if it is supported by substantial evidence after considering the record as a whole. *Hussein v. Tama Meat Packing Corp.*, 394 N.W.2d 340, 341 (Iowa 1986). Evidence is substantial to support an agency's decision if a reasonable person would find it adequate to reach the given conclusion, even if a reviewing court might draw a contrary inference. *Mercy Health Center, a Div. of Sisters of Mercy Health Corp. v. State Health Facilities Council*, 360 N.W.2d 808, 811–12 (Iowa 1985).

■ I. We address petitioner's first contention that the district court applied an incorrect standard of review in affirming the agency's determination that his conduct constituted misconduct. The facts in this case are virtually undisputed; the question before us is one of law: whether the facts fit the legal definition of misconduct under Iowa law.

Iowa Administrative Code section 370–4.32(1)(a) provides:

> *Misconduct* is defined as a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be

deemed misconduct within the meaning of the statute.

Section 370–4.32(1)(b) provides for disqualification of benefits due to misconduct. *See* Iowa Code § 96.5(2).

The employer has the burden of proving misconduct. *Billingsley v. Iowa Department of Job Service,* 338 N.W.2d 538, 540 (Iowa App.1983). Failure in good performance as a result of inability does not rise to the level of culpability sufficient to be deemed disqualifiable misconduct. *Henry v. Iowa Department of Job Service,* 391 N.W.2d 731, 735 (Iowa App.1986). Misconduct must be substantial in order to deny unemployment benefits. *Id.* at 734. Misconduct connotes volition; because inability or incapacity to perform well is not volitional, it cannot be deemed misconduct. *Roberts v. Iowa Department of Job Service,* 356 N.W.2d 218, 222 (Iowa 1984).

We believe the facts in this case clearly show that the district court erred in finding petitioner's work performance constituted misconduct. The record is devoid of facts demonstrating that petitioner's poor work performance was intentional. While petitioner's work performance was perhaps not satisfactory to the employer due to petitioner's delinquency rate for three weeks exceeding the minimum 14% delinquency rate with regard to the collection of rental payments for Thompson TV (petitioner's delinquency rate reached 18% for two weeks and 26% for one week), there is a distinction that needs to be made between the term "dissatisfaction" and the term "misconduct"; misconduct by definition requires a showing of intent to perform poorly. We emphasize that language in section 370–4.32(1)(a) which states "... mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity ... are not to be deemed misconduct...." *See Kelly v. Iowa Department of Job Service,* 386 N.W.2d 552, 555 (Iowa App.1986) (proof of dissatisfaction is not proof of misconduct).

We agree with petitioner that the district court erred in only focusing on whether petitioner's discharge was justified. The hearing officer found that petitioner offered no satisfactory justification for his unacceptable level of work performance; the district court also relied on this finding. The district court used the hearing officer's assessment of petitioner's work in reaching its conclusion of finding willfulness and a wanton disregard of the employer's interest, thus constituting misconduct. Petitioner argues that because the district court deferred to the hearing officer's interpretation of misconduct and framed the issue in terms of whether petitioner could be believed as to whether he had problems with his girlfriend, the district court erred in using this standard of review reserved for questions of fact, as opposed to correction of errors at law. Petitioner argues the district court misallocated the burden of proof. *See Cosper v. Iowa Department of Job Service,* 321 N.W.2d 6, 11 (Iowa 1986).

We are in agreement with petitioner's position. Petitioner's work record for all but three weeks out of five years was acceptable. In fact, the employer testified petitioner performed his duties "real good." Petitioner testified that for three weeks he was experiencing some difficulties in his life, specifically job burn-out due to a lack of vacation in four years and problems due to a relationship with a girlfriend. He testified he was working to the best of his ability. His employer testified he was a good employee and further testified that petitioner's discharge was solely as a result of his dissatisfaction with petitioner's percentage of late accounts.

In addition to there being no finding of intent on petitioner's behalf, we note, in passing, that petitioner's unacceptable work performance may have been attributable to the fact that the end result of petitioner's capabilities is whether the customers of the employer pay their accounts. Petitioner may make several attempts to collect rents, but he has no control over the customers if they do not pay.

Regardless of the reason for petitioner's high percentage of delinquent rents, intent has not been proved by respondent. Thus, we find the district court erred as a matter of law in finding that petitioner's discharge was due to misconduct and hence he was

disqualified from benefits. We find while the employer had the right to terminate petitioner's employment, unemployment benefits should be given to petitioner because of our finding of no intent on his part to willfully disregard his employer's interest.

II. Petitioner's second argument on appeal is that the district court erred in removing the employer's burden of misconduct, thus resulting in lack of substantial evidence to justify the hearing officer's conclusions. Petitioner refers us to *Kelly v. Iowa Department of Job Service*, 386 N.W.2d 552 (Iowa App.1986). We find this case to be on point with the case at hand. In *Kelly*, as here, the district court accepted the employer's judgment that petitioner's performance constituted misconduct. The employer testified in the case at hand that petitioner was aware of his job expectations and required level of performance and since he did not perform up to that standard, he should be denied benefits. The district court further elaborated that "the Claimant's failure of performance after having demonstrated good performance and having demonstrated the necessary ability to perform satisfactory work" is evidence of misconduct. In connection with this line of reasoning, the *Kelly* court stated:

> [The hearing officer] stated that the record indicates that claimant was not unable or incapable of doing satisfactory work, and thus the actions of claimant constitute a willful and deliberate act of misconduct on his part. The hearing officer accepted as substantive proof the subjective conclusion of the superintendent, Jensen, that since Kelly was a capable worker he must be guilty of misconduct when he failed to perform to Jensen's satisfaction. The superintendent's subjective conclusion, if accepted as substantial proof, would eviscerate the employer security act. Every employer could defeat an unemployment claim by merely testifying that an employee was capable, didn't do the job to the employ-

er's satisfaction, and was therefore guilty of misconduct.

\*　\*　\*　\*　\*　\*

The hearing officer should not accept as a given that an employer's subjective standards set the measure of proof necessary to establish misconduct. To do so skews the procedure, forcing the employee to prove that he is not capable or that he had no intent to commit misconduct. The result of the hearing officer's analysis is that the burden of proving misconduct is removed from the employer and shifted to the employee, contrary to law. *Id.* at 555.

We find that the district court erred in relying on the employer's opinion that petitioner's work performance constituted misconduct; hence, there was not substantial evidence present to support the district court's finding. Petitioner's commendable work record over four years should not be used against him to demonstrate misconduct, when he does not for three weeks work up to his normal work standards. Respondent feels otherwise. The fact that the percentage of delinquent accounts increased is not ultimate proof of poor performance on petitioner's part. As petitioner points out, he is reliant on the customers paying their bills which ultimately results in whether he is successful in keeping his percentage of delinquent accounts at a minimum.

We therefore find that the agency decision was not supported by substantial evidence. Accordingly, we reverse the district court and remand to the district court to remand to the agency for computation of unemployment benefits. While we find the employer may have had sufficient cause for termination, that does not necessarily establish grounds for denial of benefits. *See Newman v. Iowa Department of Job Service*, 351 N.W.2d 806, 808 (Iowa App. 1984).

REVERSED AND REMANDED.