Sandra **WEISHAAR**, Appellant/Cross–Appellee,

v.

**SNAP–ON TOOLS CORPORATION** and Royal Insurance Company, Appellees/Cross–Appellants.

No. 92–739.

Court of Appeals of Iowa.

June 29, 1993.

Mark S. Soldat, Algona, for appellant/cross-appellee.

Paul C. Thune of Peddicord, Wharton, Thune & Spencer, P.C., Des Moines, for appellees/cross-appellants.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Worker's compensation claimant, Sandra Weishaar, appeals from a decision of the district court affirming in part and remanding in part the decision of the industrial commissioner. Snap–On Tools Corp. and Royal Insurance Company (hereafter "employer") cross-appeal. We affirm in part and reverse in part.

Sandra Weishaar began working for Snap–On Tools in 1978 as a factory worker. Weishaar first experienced pain in her right

hand on September 3, 1985. On December 18, 1985, Dr. DeBartolo diagnosed bilateral carpal tunnel, severe in the right hand and mild in the left hand. On January 3, 1986, Weishaar underwent carpal tunnel surgery on her right hand. Weishaar returned to work on March 24, 1986. When Dr. DeBartolo examined Weishaar on April 29, 1986, Weishaar first complained of discomfort in the shoulder areas. On January 6, 1987 Dr. DeBartolo gave Weishaar a permanent partial impairment rating of sixteen percent of the right extremity, and fifteen percent of the left extremity, for a combined rating of twenty-nine percent or seventeen percent of the whole person.

In 1987 Weishaar made numerous complaints of shoulder pain. Several different physicians examined her. All found Weishaar had full range of motion in her shoulders. Dr. Mixdorf opined that the shoulder condition would improve as Weishaar remained on antidepressant medication. Dr. Breedlove opined that she had no permanent partial impairment as a result of her shoulder discomfort. Dr. Breedlove re-evaluated her and again opined that there was no permanent impairment with regard to her shoulder. Dr. Crane examined Weishaar and opined that she suffered no abnormalities in the shoulder but felt that she suffered a two percent permanent partial impairment to the whole body because of her shoulder pain. Dr. Crane restricted Weishaar from doing overhead work.

Weishaar filed an original notice and petition before the industrial commissioner. Weishaar alleged a cumulative injury to her arms and to her shoulders extending to the upper midback resulting in a permanent disability to her body as a whole.

An arbitration hearing was held and a deputy industrial commissioner filed a proposed agency decision. The deputy found that Weishaar's carpal tunnel injuries to her right and left hand resulted from repetitive actions and traumas culminating in a simultaneous single injury. The deputy industrial commissioner relied upon the impairment ratings provided by Weishaar's treating physician, Dr. DeBartolo, and concluded that Weishaar suffered an eighteen percent impairment to the body as a whole as a result of the single bilateral carpal tunnel injury on September 3, 1985. The parties stipulated to Weishaar's entitlement to healing period benefits. The deputy concluded that Weishaar failed to prove that she sustained a work related shoulder injury on April 29, 1986. The deputy did note that Weishaar appeared to suffer two work related injuries to her shoulders on January 28, 1987 and around November 1986, but stated they were not part of this litigation.

Weishaar appealed. On June 28, 1991, the industrial commissioner affirmed and modified the deputy industrial commissioner's decision. The industrial commissioner found that Weishaar failed to carry her burden to prove that her shoulder condition represented a permanent impairment. The industrial commissioner did indicate that Weishaar may have suffered from three other work-related injuries which were not a part of this litigation. The industrial commissioner rejected Weishaar's claim that the odd-lot doctrine applied and her claim for additional healing period benefits because they were not timely raised. On Weishaar's claim for Iowa Code section 86.13 benefits, the industrial commissioner found that Weishaar was entitled to an additional twenty-five percent of benefits awarded based upon the employer's unreasonable delay in paying benefits for her carpal tunnel condition. The industrial commissioner rejected Weishaar's claim that the employer should be ordered to pay section 86.13 penalty benefits on the Iowa Code section 85.30 interest.

Weishaar filed a petition for judicial review. The district court remanded the case to the industrial commissioner for determination of whether Weishaar sustained a work-related shoulder or back injury from 1986 through 1988 and if so whether any permanent impairment or disability resulted. The district court also modified the commissioner's directions concerning interest and provided that if the parties were unable to agree on interest, they could request the industrial commissioner to resolve it. In all other respect, the district court affirmed the commissioner's decision. The district court taxed three-fourths of the cost to Weishaar.

Weishaar has appealed and raises nine issues. The employer has cross appealed.

 The scope of review in cases arising out of the Iowa Administrative Procedure Act is limited to the corrections of errors at law. *Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 165 (Iowa 1982). A district court decision rendered in an appellate capacity is reviewed to determine whether the district court correctly applied the law. *Id.* To make that determination this court applies the standards of Iowa Code section 17A.19(8) (1991) to the agency action to determine whether our conclusions are the same as the district court's. *Jackson County Pub. Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429–30 (Iowa 1979). The scope of review encompasses a review of the entire record and is not limited to the agency's findings. *Higgins v. Iowa Dep't of Job Serv.*, 350 N.W.2d 187, 191 (Iowa 1984).

 Iowa Code section 17A.19(8)(f) provides in a contested case the court shall grant relief from an agency decision which is unsupported by substantial evidence made before the agency when that record is viewed as a whole. *Eaton v. Iowa Dep't of Job Serv.*, 376 N.W.2d 915, 916–17 (Iowa App. 1985). Evidence is substantial to support an agency's decision when a reasonable person would find it adequate to reach a conclusion. *Id.* at 917. The question is not whether the evidence might support a different finding but whether the evidence supports the findings actually made. *Henry v. Iowa Dep't of Job Serv.*, 391 N.W.2d 731, 734 (Iowa App. 1986). The fact that two inconsistent conclusions can be drawn from the evidence does not mean that one of those conclusions is unsupported by substantial evidence. *Id.*

In order to facilitate the clarity of this decision, some issues will be combined and considered in a differing order than set forth in the briefs.

## I. *Injury to Shoulders and/or Back.*

 Each party is dissatisfied with the district court's judicial review decision remanding the case "to the Commissioner for a determination, based on the full existing evidentiary record, whether Weishaar sustained any work-related shoulder/back injury from 1986 through 1988, and if so, whether any permanent impairment and/or disability exists."

In Weishaar's petition filed with the Iowa Industrial Commissioner on May 4, 1987, she alleged she had sustained a cumulative injury to her shoulders from "1982–present." On July 29, 1987 the industrial commissioner issued an order requiring Weishaar to amend her petition in order to allege a specific injury date. Weishaar then amended her petition to set forth the date of injury as April 29, 1986, the date her shoulders first required medical treatment.

In his appeal decision, the commissioner found Weishaar had not proved she had sustained an injury to her shoulders or her back on April 29, 1986. The commissioner went on to note that Weishaar might have suffered additional injuries to those areas in separate incidents which took place in November 1986, January 1987, and January 1988.

In its ruling on Weishaar's petition for judicial review, the district court concluded as follows:

The Commissioner should have weighed and considered fully all of the evidence in the record to determine whether a work-related shoulder/back injury occurred at any time from April 29, 1986, to December 22, 1988. The court finds that this was error prejudicial to Weishaar. Moreover, the Commissioner's analysis of the issues of permanent impairment and disability appears to have been tainted by the error, as he apparently did not consider the possible subsequent injuries which may have aggravated or contributed to Weishaar's condition.

Although the employer agrees that Weishaar's alleged cumulative injury to her shoulders/back should not be limited to the date of injury (April 29, 1986) which she set forth in her amended petition, the employer argues Weishaar was not prejudiced by the commissioner's error because the commissioner did consider medical evidence after April 1986. We agree.

The commissioner stated that later injuries were not part of this case. Our supreme

court found in *Oscar Mayer Foods Corp. v. Tasler*, 483 N.W.2d 824, 828 (Iowa 1992), that four seemingly separate traumatic injuries were the result of a cumulative injury arising out of repetitive use and strain of the back during the course of employment. Therefore the commissioner erred in refusing to consider whether the subsequent injuries were part of a cumulative neck/shoulder injury.

However, this error was not prejudicial, because the commissioner also found that even if Weishaar had shown that her alleged shoulder and back pain was caused by her cumulative injury or as a sequelae of her injury, Weishaar had failed to show her neck/shoulder was a permanent impairment. The commissioner found that "[a]lthough claimant made numerous complaints of pain in her shoulders, only one of claimant's physicians gave a rating of permanent partial impairment to her shoulders. All the other doctors that examined claimant found full range of motion in the shoulders." The commissioner noted, "[a]lthough Dr. Crane did assign a rating of impairment for claimant's shoulders, he found no abnormalities in Claimant's shoulders and clarified that his rating was for pain alone."

Expert testimony, even if uncontroverted, may be accepted or rejected in whole or in part by the commissioner, as a finder of fact. *Sondag v. Ferris Hardware*, 220 N.W.2d 903, 907 (Iowa 1974). Further, the finder of fact determines what weight should be given to such an opinion, which may be affected by the expert's assumptions and other surrounding circumstances. *Bodish v. Fischer, Inc.*, 257 Iowa 516, 521, 133 N.W.2d 867, 870 (1965). The commissioner found the other doctors' impairment ratings more credible than Dr. Crane's.

We affirm the commissioner's finding that Weishaar did not sustain a permanent impairment to her shoulders or back.

## II. *Unstipulated Healing Period Compensation.*

Weishaar also claims the district court erred in finding she was not entitled to additional weekly benefits and penalty benefits for several days of healing period benefits which were not included in the parties' pre-hearing report stipulation. Weishaar claims both the industrial commissioner and the district court should have modified the prehearing stipulation because the employer offered evidence which Weishaar claims proved she was entitled to healing period benefits for additional time periods. Both the commissioner and the district court held that the issue was not timely asserted by Weishaar at the hearing and thus her claims thereto were waived.

The purpose of a worker's compensation rule, providing that parties to a controversy may stipulate facts in writing which the deputy commissioner may thereupon make its finding or award, is to expedite the hearing procedure. 100 C.J.S. *Workman's Compensation* § 420 (1958). Stipulations tending to expedite the hearing should be enforced unless good cause is shown to the contrary. *Id.* Here, the parties stipulated to healing period benefit dates. Weishaar now claims she is entitled to additional healing period benefits. There is no evidence that this information was not available to Weishaar before entering into the stipulation. We therefore find the commissioner did not abuse his discretion in refusing to modify the stipulation.

## III. *Odd–Lot Doctrine.*

Weishaar next claims the district court erred in affirming the commissioner's ruling that the odd-lot doctrine issue had not been timely raised by Weishaar. Weishaar first sought application of the odd lot doctrine in her post-hearing briefs to the deputy.

Under the odd-lot doctrine, when a worker, at a hearing to determine loss of earning capacity, "makes a prima facie case of total disability by producing substantial evidence that the worker is not employable in the competitive labor market," the burden to produce evidence of suitable employment shifts to the employer. *Guyton v. Irving Jensen Co.*, 373 N.W.2d 101, 105 (Iowa 1985).

We find that the commissioner and the district court correctly concluded the odd-lot doctrine issue was not timely raised and therefore could not be considered on

appeal. *Armstrong v. State of Iowa Bldgs.*, 382 N.W.2d 161, 167 (Iowa 1986). Weishaar raised the issue in her post-hearing brief to the deputy commissioner. This did not afford her employer a fair opportunity to meet and rebut any evidence Weishaar might have presented to the deputy on this issue.

## IV. Penalty Benefits.

■ Weishaar next claims the commissioner erred in not awarding her penalty benefits under Iowa Code section 86.13 (1991), on the interest she was entitled to under Iowa Code section 85.30 (1991). Iowa Code section 86.13 (1991) states:

> If a delay in commencement or termination of benefits occurs without reasonable or probable cause or excuse, the industrial commissioner shall award benefits in addition to those benefits payable under this chapter, or chapter 85A, or 85B, up to fifty percent of the amount of benefits that were unreasonably delayed or denied.

*Id.*

Our reading of Iowa Code section 86.13 does not support the allowance of penalties on late interest payments. We decline to read the word "benefits" to include interest added to weekly compensation payments.

We also find that the commissioner did not abuse his discretion in determining the penalty award to be 25% instead of the maximum of 50%.

## V. Interest.

Weishaar next claims the district court erred when construing the due and injury dates from which to make the interest calculations. We find the district court and the commissioner correctly set forth the law to be applied by the parties for computing interest. We reject Weishaar's claim that Iowa Code section 85.30 and *Farmers Elevator Co. v. Manning*, 286 N.W.2d 174, 180 (Iowa 1979), are not the applicable law in determining interest on healing period compensation. Iowa Code· section 85.30 states:

> Compensation payments shall be made each week beginning the eleventh day after the injury and each week thereafter during the period for which compensation

is payable, and if not paid when due, there shall be added to the weekly compensation payments, interest at the rate provided in section 535.3 for court judgments and decrees.

*Id.*

We agree with the district court that the parties should determine whether there is a dispute about the interest amount owed, and then if an agreement cannot be reached, the aggrieved party can seek relief from the commissioner.

## VI. Court Costs.

■ Weishaar's final assignment of error is that the district court erred by assessing three-fourths of the judicial review costs against her. The district court has discretion in taxing costs. Iowa Code § 86.32 (1991). Since Weishaar was only successful on a fraction of her nine issues at the district court level, we find the district court did not abuse its discretion in its assessment of costs.

We determine any other issues the parties may have raised are either covered by this opinion or are without merit.

In summary, we reverse the district court's partial remand, and affirm the remainder of the court's order.

Costs of this appeal are assessed to the appellant.

**DISTRICT COURT DECISION AFFIRMED IN PART AND REVERSED IN PART.**