Tammy A. SAVAGE, Petitioner–
Appellant,

v.

EMPLOYMENT APPEAL BOARD
(EAB), and U S West Communications
(U S West), Respondents–Appellees.

No. 94–0231.

Court of Appeals of Iowa

Jan. 23, 1995.

Alan M. Daut, Altoona, for appellant.

William C. Whitten and Joe E. Smith, Des Moines, for appellee Employment Appeal Bd.

George A. Carroll, Minneapolis, MN, for appellee employer.

Heard by DONIELSON, C.J., and SACKETT and CADY, JJ.

SACKETT, Judge.

Petitioner-appellant Tammy A. Savage appeals from the district court's decision affirming the appellee Employment Appeal Board's decision denying her claim for unemployment benefits following her discharge from appellee US West Communications. Tammy was disqualified on the basis of a dispute she had with a coworker that resulted in blows and hair pulling. Tammy contends there was not substantial evidence to support the appellee Board's decision and the only conclusion that can be drawn from the evidence is she acted reasonably under the circumstances. We affirm as modified.

The scope of review in cases arising out of the Iowa Administrative Procedures Act is limited to the corrections of errors at law. *Foods, Inc. v. Iowa Civil Rights Comm'n,* 318 N.W.2d 162, 165 (Iowa 1982). A district court decision rendered in an appellate capacity is reviewed to determine whether the district court correctly applied the law. *Id.* To make that determination, this court applies the standards of Iowa Code section 17A.19(8) (1991) to the agency action to determine whether our conclusions are the same as the district court's. *Jackson County Pub. Hosp. v. Public Employment Relations Bd.,* 280 N.W.2d 426, 429–30 (Iowa 1979). The scope of review encompasses a review of the entire record and is not limited to the agency's findings. *Higgins v. Iowa Dep't of Job Serv.,* 350 N.W.2d 187, 191 (Iowa 1984).

Iowa Code section 17A.19(8)(f) provides in a contested case the court shall grant relief from an agency decision which is unsupported by substantial evidence made before the agency when that record is viewed as a whole. *Eaton v. Iowa Dep't of Job Serv.,* 376 N.W.2d 915, 916–17 (Iowa App. 1985). Evidence is substantial to support an agency's decision when a reasonable person would find it adequate to reach a conclusion. *Id.* at 917. The question is not whether the evidence might support a different finding but whether the evidence supports the findings actually made. *Henry v. Iowa Dep't of Job Serv.,* 391 N.W.2d 731, 734 (Iowa App. 1986). The fact two inconsistent conclusions can be drawn from the evidence does not mean one of those conclusions is unsupported by substantial evidence. *Id.*

Savage and a coemployee got in an argument during their break over why the coemployee had not attended Savage's sister's baby shower. The argument continued as the parties returned to their work stations. On return, Savage either unplugged or pretended to unplug the coworker's headset. Savage walked on and the coworker followed her and hit her. Savage hit her back and a

series of blows and hair pulling by both followed.

Savage contends this is not substantial evidence to prove she was guilty of misconduct so as to disqualify her from unemployment benefits. Iowa Code section 96.5(2) disqualifies a claimant from receiving unemployment benefits if the person has been discharged for misconduct in connection with his or her employment. *See West v. Employment Appeal Bd., Dep't of Inspections and Appeals*, 489 N.W.2d 731, 733–34 (Iowa 1992). The burden of proving the employee was guilty of misconduct is on the employer. *See Billingsley v. Iowa Dep't of Job Serv.*, 338 N.W.2d 538, 540 (Iowa 1983); *Miller v. Employment Appeal Bd.*, 423 N.W.2d 211, 213 (Iowa App.1988); *Henry*, 391 N.W.2d at 734; *Eaton*, 376 N.W.2d at 917. Misconduct is a deliberate act or omission constituting willful or wanton disregard of an employer's interest and must be intentional. *See Brown v. Iowa Dep't of Job Serv.*, 367 N.W.2d 305, 307 (Iowa App.1985). To show misconduct there must be evidence of a deliberate intention or culpable act by the employee. *See Kelly v. Iowa Dep't of Job Serv.*, 386 N.W.2d 552, 554 (Iowa App. 1986); *see also West*, 489 N.W.2d at 734.

There is evidence Savage was involved in a verbal confrontation that led to the first blow. Savage also did not retreat after the first blow was struck but became involved in the physical altercation. Savage intentionally either unplugged or pretended to unplug her coworker's headset. There is substantial evidence to support the appellee Board's findings. These actions by Savage were willful and in clear disregard of her employer's interests.

Savage next contends, on the facts on the record, the appellee Board should have concluded Savage was acting in self-defense. Savage advances the issue of protecting herself from the coworker should have been addressed by the appellee Board and the evidence showed she used no more than reasonable force to protect herself.

While a person may use reasonable force to protect himself or herself from bodily harm by another, he or she should try to avoid the use of force if other means of self-protection are immediately available. *See* 6A C.J.S. *Assault & Battery* § 19, at 342 (1975); *Sandman v. Hagan*, 154 N.W.2d 113, 119 (Iowa 1967); *Chapman v. Lamp*, 189 Iowa 771, 772, 179 N.W. 50, 50 (1920); *Moran v. Martinson*, 164 Iowa 712, 716, 146 N.W. 841, 842 (1914). Furthermore, there is a duty to retire from the affray if there is available opportunity. 6A C.J.S. *Assault & Battery* § 19, at 343 (1975).

A party charged with an assault, to invoke the self-defense doctrine, need show:

1. freedom from fault in bringing on the difficulty;

2. a necessity to strike; and

3. an attempt to retreat unless there is no mode of escape or the peril will increase.

*See* 6A C.J.S. *Assault & Battery* § 19, at 343–44 (1975).

The evidence here, even if considered in the light most favorable to Savage, does not support a finding she acted in self-defense. There was no evidence it was necessary for Savage to strike the coemployee to protect herself, and there is no evidence she attempted a retreat, clearly available to her. We reject Savage's argument of claimed self-defense. Having so decided, we need not address appellees' argument; this issue was not preserved for review.

Savage's last contention is the district court erred in ordering her to pay court costs. Appellees have not responded to this argument. In *Geiken v. Lutheran Home For The Aged Ass'n*, 468 N.W.2d 223 (Iowa 1991), the court said, "the prohibition in Iowa Code section 96.15(2) against charging a claimant 'fees of any kind' encompasses court costs." Consequently, section 96.15(2) prohibits assessing an individual claiming unemployment benefits with court costs. *Id.* at

227; *see also West,* 489 N.W.2d at 734. We modify the decision to strike the provision Savage pay the costs in the trial court. We assess the trial court costs to appellees.

Costs on appeal are taxed to appellees. **AFFIRMED AS MODIFIED.**